COURT OF APPEALS OF VIRGINIA

Present:  Judge Annunziata, Senior Judges Duff and Hodges
Argued at Alexandria, Virginia

JAMES MONROE HAGUE, S/K/A
 JAMES M. HAGUE, IV

                             MEMORANDUM OPINION[*] BY
v.    Record No. 1274-99-2       JUDGE CHARLES H. DUFF
                                MAY 23, 2000

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
James B. Wilkinson, Judge

Craig S. Cooley for appellant.

Virginia B. Theisen, Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellee.


Appellant was convicted of rape.  On appeal, appellant argues that the trial court committed reversible error in refusing to exclude a material witness, the victim, upon his motion to exclude all witnesses.  We disagree and affirm.

BACKGROUND

Christopher Luck and the victim went to the house where Luck rented a room.  An argument ensued between Luck and several people, including appellant.  Appellant repeatedly hit Luck and motioned to the victim to go into a bedroom.  Appellant then had intercourse with the victim.[1]

---

* Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

[1] In his petition for appeal, appellant also argued that the evidence was insufficient to support the rape conviction because

Appellant was indicted for malicious wounding and rape.  At the beginning of the trial, appellant move to exclude all material witnesses.  Since Luck, the victim in the malicious wounding charge, was to testify first, the Commonwealth requested that the rape victim be allowed to remain in the courtroom.  The Commonwealth argued that the rape victim had a right to be present in the courtroom and that all victims would be considered material witnesses.  The trial court permitted the rape victim to remain in the courtroom during Luck's testimony.

THE EXCLUSION OF A VICTIM FROM THE COURTROOM

Appellant argues that Code §§ 19.2-11.01(4)(b) and 19.2-265.01 mandated that the victim be excluded from the courtroom.[2]  On appeal, appellant also argues that his due process right to the presumption of innocence was violated since Code § 19.2-11.01(4)(b) permitted a victim of a crime to remain in the courtroom.

At trial, appellant argued that until the evidence established that a person was a victim, the alleged victim stood in the same position as any other witness in the case and should be excluded from the courtroom.  Appellant never argued that his

_____

the victim consented to the intercourse.  Appellant's petition for appeal was denied as to this question.

[2] Effective July 1, 1999, these statutes were amended to permit a victim, even if a material witness, to remain in the courtroom.  Under the present statutes, a victim is permitted to remain in the courtroom, "unless the presence of the victim would substantially impair the conduct of a fair trial."

-

due process right was violated.  "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court."  Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998).  See Rule 5A:18.  Accordingly, this argument will not be considered on appeal.

At the time of appellant's trial, Code § 19.2-11.01(4)(b) provided that "[v]ictims shall have the right to remain in the courtroom during a criminal trial or proceeding pursuant to the provisions of § 19.2-265.01 unless excluded by the court as a material witness."  At the time of appellant's trial, Code § 19.2-265.01 provided in pertinent part:

> [A]ny victim as defined by § 19.2-11.01 may remain in the courtroom. . . .  However, if either the attorney for the Commonwealth or any defendant represents to the court that he intends to call as a material witness any victim as defined in § 19.2-11.01, the court shall exclude that person from the trial or proceeding.

Assuming that, pursuant to former Code § 19.2-265.01, the trial court should have excluded the victim from the courtroom, the trial court did not commit reversible error.

"The 'purpose of excluding the witnesses from the courtroom is, of course, to deprive a later witness of the opportunity of shaping his testimony to correspond to that of an earlier one.'"  Bennett v. Commonwealth, 236 Va. 448, 465, 374 S.E.2d 303, 314 (1988) (citation omitted).  "A trial court has discretion to decide whether a witness who violates an exclusion order should

-

be prevented from testifying.  Factors to be considered in resolving the question include whether there was prejudice to the defendant and whether there was intentional impropriety attributable to the prosecution."  Id. (citations omitted).

While the victim heard Luck's testimony, his testimony addressed the malicious wounding charge and concerned appellant's actions prior to appellant and the victim going into the bedroom.  Additionally, the victim's testimony was not influenced by Luck's, since her testimony did not mirror Luck's testimony.  Appellant's defense to the rape charge was that the victim consented to the intercourse.  Luck's testimony did not address the issue of whether the victim consented to the intercourse.  Appellant has failed to show any prejudice resulting from the trial court's decision permitting the rape victim to remain in the courtroom during Luck's testimony.  According, appellant's rape conviction is affirmed.

Affirmed.

-